United States Courts
Southern District of Texas
FILED

JUN 2 1 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAJID SYED | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | **H · 05 - 2135** |
| | § | |
| v. | § | |
| | § | |
| VERIZON WIRELESS, VERIZON | § | Removed from the District |
| WIRELESS TEXAS, LLC, VERIZON | § | Court of Harris County, Texas, |
| WIRELESS (VAW) LLC, VERIZON | § | 157th Judicial District, Cause |
| WIRELESS (VWMS) OF TEXAS LP, | § | No. 2005-31120 |
| VERIZON WIRELESS SERVICES | § | |
| LLC, VERIZON WIRELESS | § | |
| PERSONAL COMMUNICATIONS | § | |
| LP, and VERIZON WIRELESS | § | |
| NETWORK PROCUREMENT LP, | § | |
| | § | |
| Defendants | § | |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Verizon Wireless Texas, LLC ("Verizon Wireless Texas")[1], hereby removes this civil action from the 157th Judicial District Court of Harris County pursuant to 28 U.S.C. § 1441(b) and on the basis of § 1332, diversity of citizenship. In support of this Notice, Defendant states as follows:

---

[1] Plaintiff alleges violations of the Family & Medical Leave Act and also wrongful termination, both of which require an employer/employee relationship. (*See* Plaintiff's Petition attached as Exhibit A). Plaintiff also alleges intentional infliction of emotional distress based on the same alleged facts. *Id.* Plaintiff was only employed by Defendant Verizon Wireless Texas, LLC. (*See* Affidavit of Karen Shipman attached as Exhibit D).

1.      The Plaintiff, Sajid Syed ("Syed"), commenced a civil action now pending in the 157th Judicial District Court of Harris County, Texas against Verizon Wireless Texas on May 6, 2005.  The lawsuit is recorded on the docket of the 157th Judicial District Court of Harris County, Texas as Cause No. 2005-31120.  A true and correct copy of the Petition is attached hereto and incorporated herein by reference for all purposes as Exhibit "A."

2.      Syed is a citizen and resident of Texas.  (*See* Plaintiff's Petition II (1), attached as Exhibit A).

3.      Verizon Wireless Texas was served a copy of Plaintiff's Original Petition ("Petition") on May 23, 2005. A true and correct copy of the Service of Process is attached hereto and incorporated herein by reference for all purposes as Exhibit "B."

4.      Verizon Wireless Texas has filed an Answer in the Harris County action on June 13, 2005.  A true and correct copy of such Answer is attached hereto and incorporated herein by reference for all purposes as Exhibit "C."

5.      Verizon Wireless Texas is a Delaware limited liability company and its members are citizens of California, Virginia and New York.  A true and correct Affidavit for Karen Shipman, Verizon Wireless Texas Officer, is attached hereto and incorporated herein by reference for all purposes as Exhibit "D."

6.      As required under 28 U.S.C. § 1446(b), this Notice of Removal, filed within thirty days of service of the Petition, is timely.

7.      This case arises solely from Plaintiff's employment with Verizon Wireless Texas. (*See* Plaintiff's Petition, IV, attached as Exhibit A). Specifically, Plaintiff alleges that Verizon Wireless Texas retaliated and/or discriminated against him for taking leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et. seq.* He also alleges wrongful termination "related to an illegal act" and intentional infliction of emotional distress based on the employment relationship. He seeks back pay, compensatory damages and liquidated damages. (*See* Petition attached as Exhibit A).

8.      The Standards for Removal Based on Diversity Jurisdiction Have Been Met:

(a)      This Court has original jurisdiction over this action under 28 U.S.C. §1332(a). Therefore, the cause may be removed to this Court pursuant to 28 U.S.C. §1441(b). *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (removal appropriate where complete diversity exists and amount in controversy exceeds $75,000).

(b)      Regarding the citizenship of the parties, as reflected in the petition, Plaintiff was a citizen of the State of Texas at the time the petition was filed and at the time of removal. (*See* Plaintiff's Petition II(1), attached as Exhibit A). Verizon

Wireless Texas is a Delaware Limited Liability Company and its members are citizens of California, Virgina and New York. (*See* Affidavit attached as Exhibit D).

      (c)    The citizenship of unincorporated entities, such as limited liability partnerships and companies, has been considered by the Supreme Court and numerous appellate courts.  In each instance, for diversity purposes, the courts found that citizenship of such entities is determined by the citizenship of its members. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-97 (1990)(holding that, for the purpose of diversity jurisdiction, the citizenship of a limited partnership is determined by the citizenship of each of the partners); *Bankston v. Burch,* 27 F.3d 164, 168-69 (5th Cir. 1994)(holding that citizenship of limited partnership if controlled by the citizenship of its partners); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004)(holding that based on the similarities between limited liability corporations and limited partnerships, citizenship of limited liability company is based on citizenship of its membership); *Cosgrove v. Bartolla,* 150 F.3d 729, 731 (7th Cir. 1998)(stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its  membership); *Handelsman v. Bedford Village Assocs. Ltd,* 213 F.3d 48, 51 (2d Cir. 2000)(holding that citizenship of a limited liability company is

determined by the citizenship of its members); *Rolling Green Hills MHP L.P. v. Comcast LLP,* 374 F.3d 1020 (11th Cir. 2004)(same).

9.     Additionally, the amount in controversy in this case easily exceeds the $75,000 threshold of 28 U.S.C. § 1332.  The Fifth Circuit has held that where, as here, the plaintiff's petition fails to specify the amount in controversy, the court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000 threshold for diversity jurisdiction.  *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  On the other hand, if it is not facially apparent that the claims are likely above $75,000, the removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount.  *Id.*  In this case, it is apparent that there is at least $75,000.00 in controversy because:

(a)     The FMLA provides that an employer shall be liable for an amount of liquidated damages, in addition to compensatory damages, equal to the amount of wages, employment benefits, or other compensation denied or lost to an employer, plus interest, by reason of an employer's violation of the Act.  (*See* 29 U.S. C. 2617(a)(1)(A)).

(b)     Plaintiff seeks actual damages, including alleged loss of income and loss of employment benefits. (*See* Plaintiff's Petition, attached as Exhibit A).

(c)    Plaintiff also seeks liquidated damages equal to the amount of any wages, employment benefits "and other compensation denied or lost to Plaintiff by reason of Defendant's unlawful acts." (*See* Plaintiff's Petition, attached as Exhibit A).

(d)    Plaintiff also seeks compensatory and punitive damages for his common law claims. (*See* Plaintiff's Petition, attached as Exhibit A).

10.    Accordingly, this action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)-(c) and removal jurisdiction pursuant to 28 U.S.C. § 1441.

11.    Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing a Notice of Removal with the 157th Judicial District Court of Harris County, Texas and serve a copy thereof on Syed through his counsel.  A copy of Defendant's Notice of Filing Notice of Removal is attached hereto and incorporated herein by reference for all purposes as Exhibit "E."

12.    Pursuant to Local Rule 81, the following documents have been attached to this Notice of Removal:

1.    Plaintiff's Original Petition (Exhibit "A");

2.    Defendant's Service of Process  (Exhibit "B").

3.    Defendant's Original Answer (Exhibit "C");

4.      Notice of Filing Notice of Removal (Exhibit "E");

5.      A certified copy of the docket sheet from the Harris County

        Court (Exhibit "F");

6.      List of Counsel of Record (Exhibit "G");

7.      No orders have been signed by the state court judge; and

8.      An Index of Matters Being Filed (Exhibit "H").

                        Respectfully submitted,

                        JONES DAY


                        _____
                        Ted D. Meyer
                        TBA No. 13997500
                        Ruthie White
                        TBA No. 00798580
                        717 Texas Ave., Suite 3300
                        Houston, Texas 77002
                        Telephone  (832) 239-3939
                        Telecopier  (832) 239-36000
                        ATTORNEYS FOR DEFENDANT VERIZON
                        WIRELESS TEXAS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on counsel for Plaintiff, as listed below, via certified mail, return receipt requested, on this the 21st day of June, 2005.

Michael Y. McCormick
McCormick Hancock & Newton
1900 West Loop South, Suite 700
Houston, Texas 77027

_____
Ruthie N. White

Tab A

2005-31120

ASSESSED

ENTERED

VERIFIED

CAUSE NO._____

| | | |
|---|---|---|
| SAJID SYED, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 151TH JUDICIAL DISTRICT |
| | § | |
| VERIZON WIRELESS, VERIZON WIRELSS | § | |
| TEXAS, LLC, VERIZON WIRELESS (VAW) | § | |
| LLC, VERIZON WIRELSS (VWMS) OF | § | |
| TEXAS LP, VERIZON WIRELESS SERVICES | § | |
| LLC, VERIZON WIRELESS PERSONAL | § | |
| COMMUNICATIONS LP, and VERIZON | § | |
| WIRELESS NETWORK PROCUREMENT LP, | § | |
| | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2005 MAY -6 PM 5:
BY_____
DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **SAJID (Sam) SYED**, hereinafter called Plaintiff, complaining of and about

**VERIZON WIRELESS, VERIZON WIRELESS TEXAS, LLC, VERIZON WIRELESS
(VAW) LLC, VERIZON WIRELESS (VWMS) OF TEXAS LP, VERIZON WIRELESS
SERVICES LLC, VERIZON WIRELESS PERSONAL COMMUNICATIONS LP,** and
**VERIZON WIRELESS NETWORK PROCUREMENT LP** ("Verizon"), hereinafter called
Defendant, and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

## II. PARTIES AND SERVICE

1.      Plaintiff, Sajid Syed, is an individual whose address is 506 Mountbury Court, Spring, Texas, 77373, Harris County, Texas.

2.      Defendants **VERIZON WIRELESS, VERIZON WIRELESS TEXAS, LLC, VERIZON WIRELESS (VAW) LLC, VERIZON WIRELESS (VWMS) OF TEXAS LP, VERIZON WIRELESS SERVICES, LLC, VERIZON WIRELESS PERSONAL COMMUNICATIONS LP, and/or VERIZON WIRELESS NETWORK PROCUREMENT LP,** (herein after referred to collectively referred to as "Verizon") may be served with process pursuant to article 2.11A of the Business Corporation Act by serving its registered agent, Corporation Service Company, at 701 Brazos Street, Suit 1050, Austin, Texas 78701, its registered office.  Plaintiff requests that citation be issued and that service of process be effectuated on Defendant at this time.

## III. JURISDICTION AND VENUE

1.      The subject matter in controversy is within the jurisdictional limits of this court.

2.      This court has jurisdiction over Defendant Verizon, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Verizon Wireless will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.      Plaintiff would show that Defendant Verizon Wireless had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

4.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Verizon Wireless to the State of Texas, thereby conferring specific jurisdiction with

respect to said Defendant.

5.      Venue in Harris County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

## IV. FACTS

1.      Plaintiff was an employee of Verizon Wireless for about 4 years as a retail sales executive until he was fired on May 9, 2003.

2.      Plaintiff became aware of other Verizon employees at Plaintiff's store location actively participating in a practice referred to as "churning." There are numerous methods for "churning;" however, the motivation invariably relates back to increased commissions for the employees and the effect is fraudulent misrepresentations made to Verizon customers and/or loss of revenue to Verizon itself and thus, Verizon stockholders.

3.      Plaintiff refused to participate in such acts and also refused to refrain from reporting such acts. He reported these practices, and was told to remain silent and to mind his own business.

4.      Plaintiff sustained a serious shoulder injury in a car accident. Plaintiff underwent surgery on his shoulder injury, which qualified use of FMLA leave, which Defendant approved.

5.      Six hours after the surgery, Plaintiff's supervisor, Marcos Morenos, phoned him and instructed him to return to work on the following Monday in 3 days or his job would be posted and given to someone else. Plaintiff informed Morenos that he was approved for leave under the FMLA, was given 5 weeks off to have the necessary surgery, and that he was unable to drive due to the stitches and arm sling post-surgery. Morenos continued to demand Plaintiff's return to work and generally harass Plaintiff on a regular basis throughout Plaintiff's absence while on leave.

6.      When Plaintiff returned to work, he was awarded a plaque for being the second highest producer for Verizon in the region.  Within a week or two of his return, Verizon fired Plaintiff in retaliation for taking a final leave.

## V. CAUSES OF ACTION

### A. FAMILY MEDICAL LEAVE ACT (FMLA)

1.      Plaintiff brings this action pursuant to the provisions of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601-2654 ("FMLA") and for wrongful termination related to an illegal act for damages to compensate him for the economic loss and other damages caused by Defendant's discharge of Plaintiff from his employment without just cause; Defendant's retaliation against Plaintiff for his use of FMLA leave; and Defendant's retaliation against Defendant for his refusal to participate in the illegal, criminal, and fraudulent activities engaged in by Verizon and its employees.

2.      At all pertinent times, Defendant, was, is, and has been a covered entity under 42 USCA § 12111(2); Defendant was the employer of the plaintiff within the meaning of 29 USCA § 2611 (4)(A) and is subject to the requirements of the FMLA.

3.      At all pertinent times, Plaintiff worked on a full-time basis for Defendant and thus, was an "eligible employee" under FMLA.

4.      Defendant, through its duly authorized agents and employees, who acted on behalf of Verizon within the scope of their employment, intentionally and willfully discriminated and retaliated against the plaintiff based on his insistence on the exercise of his rights protected by the FMLA.

5.      Defendant participated in a willful violation of the FMLA, which Defendant knew and/or showed reckless disregard for the matter of whether or not its conduct was prohibited by the statute.

6.       Defendant's act and employment practices alleged in this petition, with respect to Plaintiff's terms, conditions, and privileges of employments, resulted in the termination of Plaintiff's employment and violated the FMLA.

## B. WRONGFUL TERMINATION – ILLEGAL ACT

1.       In the alternative and without waiving the above and foregoing, Plaintiff alleges that his employment with Verizion was wrongfully terminated pursuant to the *Sabine Pilot* exception to the employment at will doctrine pursuant to Texas Law.  In this connection, Plaintiff will show that his immediate supervisor fired him for refusing to "churn" cell phone accounts.  The "churning," which Plaintiff's co-workers were engaged in, and which Plaintiff refused to engage in, resulted in consumer fraud against Verizon customers.  This conduct is illegal based on various statutory provisions found in Texas Jurisprudence. As a proximate result of Defendants wrongful termination of Plaintiff, Plaintiff has suffered actual damages including lost wages, lost earning capacity, mental anguish, and loss of employee benefits.  Additionally, Defendant acted with malice in terminating Plaintiff, thereby entitling Plaintiff to the recovery of punitive damages.

## C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.       In the alternative and without the waiving the above and foregoing, Plaintiff alleges that Defendant is liable pursuant to the doctrine of Intentional Infliction of Emotional Distress.  In this connection, Plaintiff would show that Defendant's harassment and conduct in terminating Plaintiff was extreme and outrageous and that Plaintiff suffered severe emotional distress.  As a direct and proximate result of the conduct of the Defendant, Plaintiff suffered actual damages, for which he now sues.

## VI. AGENCY

1.       At and during the time of the acts and/or omissions complained of herein, any acts

and/or omissions committed by an agent, representative or employee of Defendant occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

2.     Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## VII. RESPONDEAT SUPERIOR

1.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

2.     Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## VIII. ATTORNEY'S FEES

1.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sajid Syed, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

(a)     The court enjoin Defendant's continuing unlawful employment practice;

(b)     The Court award Plaintiff a judgment against Defendant for lost wages, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's unlawful acts;

(c)    The Court award Plaintiff interest on the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's unlawful acts;

(d)    The Court award Plaintiff an additional amount as liquidated damages equal to the sum of the amount of any wages, employment benefits, and other compensation lost to Plaintiff and the interest on that amount;

(e)    Emotional distress and unlawful anguish;

(f)    The Court award Plaintiff such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

(g)    The Court award Plaintiff reasonable attorneys' fee, reasonable expert witness fees; other costs of the action, and punitive damages;

(h)    The Court grant Plaintiff such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

McCormick Hancock & Newton

By: _Mike McCormick_____

Michael Y. McCormick
Texas Bar No. 13461030
1900 West Loop South, Suite 700
Houston, Texas  77027
Tel. (713)297-0700
Fax. (713)297-0710
Attorney for Plaintiff
Sajid Syed

Tab B

CAUSE NO. 200531120

| | RECEIPT NO. 231305 | 0.00 | MTA |
| | 05-06-2005 | | TR # 71912634 |

PLAINTIFF: SYED, SAJID (SAM)
vs.
DEFENDANT: VERIZON WIRELESS

In The 157th
Judicial District Court
of Harris County, Texas
157TH DISTRICT COURT
Houston, TX

CITATION

Delivered this _____ day of _____

THE STATE OF TEXAS
County of Harris

LUKE W. MERCER
CONSTABLE, PRECINCT 5, TRAVIS CTY., TEXAS

BY _____
Deputy

TO: VERIZON WIRELESS PERSONAL COMMUNICATIONS LP BY SERVING ITS REGISTERED
AGENT CORPORATION SERVICE COMPANY
701 BRAZOS STREET SUITE 1050 AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 5th day of May, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 17th day of May, 2005, under my hand and
seal of said Court.

Issued at request of:
MCCORMICK, MICHAEL Y.
1900 N LOOP SOUTH 700
HOUSTON, TX 77027
Tel: (713) 297-0700
Bar No.: 13461030

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin      Houston, Texas 77002
(P.O. Box 4651  Houston, Texas 77210)

By _____
Deputy SCOTT, JOHN L      COT/R11/7193834

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M. on the _____ day of _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____ .M., on the _____ day of

_____; by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery,
to certify which I affix my hand officially this _____ day of _____.

Fee: $_____

_____ of _____ County, Texas

By _____
Affiant                                      Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____.

_____
Notary Public

N.INT.CITR.P



**M<sup>c</sup>CORMICK · HANCOCK · NEWTON**

*Trial Lawyers*

May 6, 2005

Charles Bacarisse
400 Civil Courts Building
301 Fannin Street
Houston, Texas 77002

Re:    *Cause No.* **2 0 0 5 - 3 1 1 2 0** *;Sajid Syed v. Verizon Wireless, Verizon Wireless Texas LLC, Verizon Wireless (VAW) LLC, Verizon Wireless (VWMS) Of Texas LP, Verizon Wireless Services LLC, Verizon Wireless Personal Communications LP, and Verizon Wireless Network Procurement LP; in the 5 th Judicial District in Harris County, Texas.*

Dear Mr. Bacarisse:

    Please file this Original petition and issue a Citation to the following party

1)    Registered Agent
      Corporation Service
      701 Brazos Street, Suite 1050
      Austin, Texas 78701

    I have enclosed a check for the amount of $160.00 and the additional $12.00 fee is included for the issuance of the citation. I have also enclosed another check in the amount of $30.00 for the Jury Demand. I have also enclosed (2) copies of Plaintiffs Original Petition to be attached to the citation.

    Please return a file-stamped copy of the enclosed Original Petition along with a copy of the Citation requested in the enclosed pre-postage paid envelope.

    Should you have any questions whatsoever, please do not hesitate to contact me or my secretary, Kiley Crawford at (713) 297-0700.

                                    Very truly yours,

                                    McCORMICK, HANCOCK & NEWTON

                                    Jacy Brie Jared

JBJ/kc

*Stamp: FILED CHARLES BACARISSE DISTRICT CLERK HARRIS COUNTY, TEXAS 2005 MAY -6 PM 5: 37 BY DEPUTY*

Tab C

NO. 2005-31120

| | | |
|---|---|---|
| SAJID SYED | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| VERIZON WIRELESS, VERIZON | § | |
| WIRELESS TEXAS, LLC, VERIZON | § | |
| WIRELESS (VAW) LLC, VERIZON | § | HARRIS COUNTY, TEXAS |
| WIRELESS (VWMS) OF TEXAS LP, | § | |
| VERIZON WIRELESS SERVICES | § | |
| LLC, VERIZON WIRELESS | § | |
| PERSONAL COMMUNICATIONS | § | |
| LP, and VERIZON WIRELESS | § | |
| NETWORK PROCUREMENT LP, | § | |
| | § | |
| Defendants | § | 157TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Verizon Wireless Texas, LLC ("Verizon Texas")[1], and files this its Original Answer to Plaintiff's Original Petition and for such Answer would show the Court as follows:

## I.
## GENERAL DENIAL

1.   Defendant Verizon asserts a general denial to Plaintiff's Original Petition as is authorized by the Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove his charges and allegations against this

---

[1] Plaintiff has alleged violations of the Family & Medical Leave Act and common law claims, all of which require an employer/employee relationship.  Plaintiff was only employed by Verizon Wireless Texas, LLC.

Defendant by a preponderance of the evidence as is required by the constitution and the laws of the State of Texas.

2.      Defendant Verizon reserves the right to amend its Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant Verizon prays that Plaintiff take nothing by this action, that Defendant Verizon recover its costs, and that Defendant Verizon have such other and further relief to which it may show itself to be justly entitled.

                              Respectfully submitted,

                              JONES DAY

                              *Ruthie N. White*

                              Ted D. Meyer
                              TBA No. 13997500
                              Ruthie N. White
                              TBA No. 00798580
                              717 Texas Ave., Suite 3300
                              Houston, Texas 77002
                              Telephone  (832) 239-3939
                              Telecopier  (832) 239-36000

                              ATTORNEYS FOR DEFENDANT VERIZON
                              WIRELESS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel for Plaintiff, as listed below, via certified mail, return receipt requested, on this the *13th* day of June, 2005.

Michael Y. McCormick
McCormick Hancock & Newton
1900 West Loop South, Suite 700
Houston, Texas 77027

Ruthie N. White

# JONES DAY

717 TEXAS · SUITE 3300 · HOUSTON, TEXAS 77002-2712

TELEPHONE: (832) 239-3939 · FACSIMILE: (832) 239-3600

Direct Number:  832-239-3834
mwhite@jonesday.com

JP008268:clt

June 13, 2005

**VIA HAND DELIVERY**

Mr. Charles Bacarisse
Harris County District Clerk
301 Fannin Street, Suite 105
Houston, Texas 77002

Re:   Cause No. 2005-31120; *Sajid Syed v. Verizon Wireless, et al.;* In the 157th District
      Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed please find the original and two copies of Defendant Verizon Wireless Texas,
LLC's Original Answer for filing in the above case.

Please process this document in your customary manner and evidence your receipt of the
same by returning the extra file-stamped copy to the waiting courier.

By copy of this letter, all counsel of record are being served with a copy of the same.

Thank you for your attention to this matter.

Very truly yours,

*Ruthie N. White*

Ruthie N. White

Enclosure

cc:   Michael Y. McCormick (w/Encls.)
      McCormick Hancock & Newton
      1900 West Loop South, Suite 700
      Houston, Texas 77027

HUI-54653v1

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG
HOUSTON · IRVINE · LONDON · LOS ANGELES · MADRID · MENLO PARK · MILAN · MUNICH · NEW DELHI · NEW YORK
PARIS · PITTSBURGH · SAN FRANCISCO · SHANGHAI · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

Tab D

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAJID SYED | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ |
| | § | |
| VERIZON WIRELESS, VERIZON | § | Removed from the District |
| WIRELESS TEXAS, LLC, VERIZON | § | Court of Harris County, Texas, |
| WIRELESS (VAW) LLC, VERIZON | § | 157th Judicial District, Cause |
| WIRELESS (VWMS) OF TEXAS LP, | § | No. 2005-31120 |
| VERIZON WIRELESS SERVICES | | |
| LLC, VERIZON WIRELESS | | |
| PERSONAL COMMUNICATIONS | | |
| LP, and VERIZON WIRELESS | | |
| NETWORK PROCUREMENT LP, | | |
| | | |
| Defendants | | |

## **AFFIDAVIT**

STATE OF N̲e̲w̲ ̲J̲e̲r̲s̲e̲y̲      §
                                         §
COUNTY OF E̲s̲s̲e̲x̲           §

BEFORE ME, the undersigned Notary Public, on this day personally appeared KAREN

M. SHIPMAN, who being first duly sworn on her oath stated:

1.    My name is Karen M. Shipman.  I am Assistant Secretary of Verizon Wireless Texas,
      LLC ("Verizon Wireless Texas"), one of the named defendants in the above-styled
      lawsuit.  I am over the age of 21 and competent to make this affidavit.

2.    In my current capacity as Assistant Secretary for Verizon Wireless Texas, I am familiar
      with the corporate history and structure of Verizon Wireless Texas. I have held this
      position since May 2001.  Accordingly, I have personal knowledge of the information
      stated herein and this information is true and correct.

3.    Plaintiff, Sajid Syed, was formerly employed by Verizon Wireless Texas as a Retail Sales
      Representative until July 9, 2003.

4.     Verizon Wireless Texas is a Delaware limited liability company and its members are citizens of California, Virginia and New York. None of its members are citizens of Texas.

FURTHER AFFIANT SAYETH NOT.

_____
Karen M, Shipman

        SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary, on this

15 day of June, 2005.

_____
Notary Public in and for the
State of New Jersey

My Commission Expires: June 11, 2006

Phyllis A. Smith
Notary Public, State of New Jersey
No. 2276086
Qualified in Essex County
Commission Expires June 11, 20 06

Tab E

NO. 2005-31120

| | | |
|---|---|---|
| SAJID SYED | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| VERIZON WIRELESS, VERIZON | § | |
| WIRELESS TEXAS, LLC, VERIZON | § | |
| WIRELESS (VAW) LLC, VERIZON | § | HARRIS COUNTY, TEXAS |
| WIRELESS (VWMS) OF TEXAS LP, | § | |
| VERIZON WIRELESS SERVICES | § | |
| LLC, VERIZON WIRELESS | § | |
| PERSONAL COMMUNICATIONS | § | |
| LP, and VERIZON WIRELESS | § | |
| NETWORK PROCUREMENT LP, | § | |
| | § | |
| Defendants | § | 157TH JUDICIAL DISTRICT |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   The Clerk of the 157th Judicial District Court
of Harris County, Texas
301 Fannin
Houston, Texas 77002

Michael Y. McCormick
McCormick Hancock & Newton
1900 West Loop South, Suite 700
Houston, Texas 77027

PLEASE TAKE NOTICE that on the 21st day of June, 2005, pursuant to 28

U.S.C. § 1446(d), Defendant Verizon Wireless Texas, LLC ("Defendant") hereby

filed their Notice of Removal of this cause of action to the United States District

HUI-54748v1

Court for the Southern District of Texas, Houston Division.  A true and correct

copy of the Notice of Removal is attached as Exhibit "A."

Pursuant to 28 U.S.C. § 1446(b), the District Court of Harris County may

not proceed further with this matter.

Respectfully submitted,

JONES DAY

Ted D. Meyer
TBA No. 13997500
Ruthie White
TBA No. 00798580
717 Texas Ave., Suite 3300
Houston, Texas 77002
Telephone  (832) 239-3939
Telecopier  (832) 239-36000

ATTORNEYS FOR DEFENDANT VERIZON
WIRELESS TEXAS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel for Plaintiff, as listed below, via certified mail, return receipt requested, on this the 21st day of June, 2005.

Michael Y. McCormick
McCormick Hancock & Newton
1900 West Loop South, Suite 700
Houston, Texas 77027

_Ruthie N. White_
Ruthie N. White



**2005-31120**

FILED: ___ 05/06/2005 ___

GENERAL ORDER OF THE COURT ___ 157TH ___

SYED, SAJID (SAM)

PLAINTIFFS

MCCORMICK, MICHAEL Y.

Attorney

**NATURE OF ACTION**

EMPLOYMENT DISCHARGE

VS.

VERIZON WIRELESS

DEFENDANTS

Attorney

SURETIES ON COST BOND:

Jury Fee Paid By:
LFI80492
MCCORMICK, HANCOCK & N

MCCORMICK, HANCOCK & N

**SETTINGS**

STATE OF TEXAS
COUNTY OF HARRIS

I, Charles Bacarisse, District Clerk of Harris County,
Texas, do hereby certify that the foregoing data is a
true and correct copy of the original record, now
in my lawful custody and possession as appears
of record in my office and/or:
a) filed on _____
b) recorded under Vol. _____ Page _____
   in the Minutes of said Court
c) abstracted from the original record in my lawful
   possession, electronically stored in digital form
   and pertaining to the _____
   in reference to cause number _____ , or
d) abstracted from the original record in my lawful
   possession, electronically stored in digital form
   pertaining to _____
   from _____ to present date.

Witness my official hand and seal of office this

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By _____ Deputy

RITA GARZA

Tab G

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAJID SYED | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ |
| | § | |
| VERIZON WIRELESS, VERIZON | § | Removed from the District |
| WIRELESS TEXAS, LLC, VERIZON | § | Court of Harris County, Texas, |
| WIRELESS (VAW) LLC, VERIZON | § | 157th Judicial District, Cause |
| WIRELESS (VWMS) OF TEXAS LP, | § | No. 2005-31120 |
| VERIZON WIRELESS SERVICES | | |
| LLC, VERIZON WIRELESS | | |
| PERSONAL COMMUNICATIONS | | |
| LP, and VERIZON WIRELESS | | |
| NETWORK PROCUREMENT LP, | | |
| | | |
| Defendants | | |

## <u>LIST OF COUNSEL OF RECORD</u>

In conjunction with its Notice of Removal, Defendant Verizon Wireless

Texas, LLC submits the following list of counsel of record for the parties:

1.  <u>Attorney for Plaintiff Sajid Syed</u>:

    Michael Y. McCormick
    Texas State Bar No. 13461030
    McCormick Hancock & Newton
    1900 West Loop South, Suite 700
    Houston, Texas 77027
    Phone: (713) 297-0700
    Facsimile: (713) 297-0710

2. <u>Attorneys for Verizon Wireless Texas, LLC</u>:

Ted D. Meyer
State Bar No. 13997500
Federal I.D. No. 10630
Ruthie N. White
State Bar No. 00798580
Federal I.D. No. 21052
Jones Day
717 Texas, Suite 3300
Houston, Texas 77002
Phone: (832) 239-3939
Facsimile: (832) 239-3600

Tab H

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAJID SYED | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ |
| | § | |
| VERIZON WIRELESS, VERIZON | § | Removed from the District |
| WIRELESS TEXAS, LLC, VERIZON | § | Court of Harris County, Texas, |
| WIRELESS (VAW) LLC, VERIZON | § | 157th Judicial District, Cause |
| WIRELESS (VWMS) OF TEXAS LP, | § | No. 2005-31120 |
| VERIZON WIRELESS SERVICES | § | |
| LLC, VERIZON WIRELESS | § | |
| PERSONAL COMMUNICATIONS | § | |
| LP, and VERIZON WIRELESS | § | |
| NETWORK PROCUREMENT LP, | § | |
| | § | |
| Defendants | § | |

## __INDEX OF MATTERS BEING FILED__

In connection with its Notice of Removal, Defendant Verizon Wireless

Texas, LLC ("Defendant") is filing the following documents in federal court:

A.   Civil Cover Sheet;

B.   Notice of Removal, with the following exhibits:

     1.   Index of Matters Being Filed;

     2.   Copies of all executed process in the state court action;

     3.   Copies of all pleadings asserting causes of action in the state
         court action and all answers to such pleadings;

     4.   A copy of the state court docket sheet;

5.      A list of all counsel of record, with names, addresses, and phone numbers; and

6.      A copy of the Notice of Filing Notice of Removal being filed in state court.

Defendant is also filing a Notice of Filing Notice of Removal in state court, concurrently with the filing of its Notice of Removal in federal court.